IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLGA OVIEDO, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | 3:05-CV-0727-P |
| v. | § | |
| | § | |
| MAXUM BUILDING SERVICES LLC | § | |
| a/k/a MAJESTIC CLEANING | § | |
| SERVICES, INC., GEORGE | § | |
| SOLONIKIDIS, PETER SOLONIKIDIS, | § | |
| and GUY MINTON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are Defendants' Motion and Notice of Motion to Dismiss, filed June 22, 2005, and Plaintiff's Motion to Deny Defendant's Motion to Dismiss, and in the Alternative, the Plaintiff's Request to Stay the Proceedings in this Court, filed July 28, 2005. After a thorough review of the parties' arguments, the pleadings, and the applicable law, the Court DENIES Defendants' Motion and thereby GRANTS Plaintiff's Motion.

**I.   Background**

Plaintiff Olga Oviedo ("Oviedo") filed suit in Texas state court in Denton County on April 13, 2005. The very next day, Oviedo filed suit in this Court, using a Complaint identical to the one she filed in state court. In both actions, Oviedo alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-07, as well as the Texas Labor Code, Chapters 61 and 62, by failing to properly compensate her for her work.

Defendants now move to dismiss, arguing (1) that Plaintiff has failed to comply with proper

removal procedure and (2) that because Plaintiff chose to file her action in state court, she cannot remove her case to this Court. (Defs.' Mem. at 2-3.)

## II. Identical Actions in State and Federal Court

Defendants correctly point out that Plaintiff may not remove the case under 28 U.S.C. § 1441; under the statute, only defendants may remove a case. *See* 28 U.S.C. § 1441. However, Defendants' arguments miss the mark as Plaintiff has not attempted to remove her case to this Court. Rather, she has filed two separate lawsuits, both of which remain pending— one in state court and one in federal court.

### A. Legal Standard

"Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *Colorado River Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (internal quotations omitted). The Supreme Court has repeatedly stated that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.*; *Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 15-16 (1983). Nonetheless, in exceptional circumstances, a federal court may abstain by declining to exercise jurisdiction (through dismissal) or by postponing its exercise of jurisdiction (through a stay). *Moses H. Cone*, 460 U.S. at 16, 27-28; *see also Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 n.11 (5th Cir. 2005). The factors to consider in determining whether "exceptional circumstances" exist were first announced by the Supreme Court in *Colorado River* and include: (1) whether either court has assumed jurisdiction over property; (2) the relative convenience of the forums; (3) whether it is desirable to avoid piecemeal litigation; and (4) the order in which jurisdiction was obtained.

*Colorado River*, 424 U.S. at 818. The Supreme Court added two additional factors in *Moses H. Cone*: (5) whether and to what extent federal law governs the case; and (6) the adequacy of the state proceeding. *Moses H. Cone*, 460 U.S. at 23-26. When evaluating these factors, "a federal court must keep in mind that 'the balance [should be] heavily weighted in favor of the exercise of jurisdiction.'" *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (quoting *Moses H. Cone*, 460 U.S. at 16).

Plaintiff contends that the application of the "exceptional circumstances" test to the facts of her case demonstrates that this Court should not dismiss or stay her case. (Pl.'s Mot. at 2-6.) The Court agrees.

**B.    Application**

**(1) Jurisdiction Over Property**

First, this case does not involve any property over which any court, state or federal, has taken control. The absence of this factor weighs against abstention. *Murphy v. Uncle Ben's*, 168 F.3d 734, 738 (5th Cir. 1999) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988)).

**(2) Relative Convenience of the Forums**

Second, both the Denton County court and this Court are in approximately the same geographical location; the Denton County court is less than fifty miles from this Court. Moreover, Plaintiff points out that this Court is approximately a ten-minute drive from the location of Defendant Maxum Building Services LLC. Thus, the second factor weighs against abstention. *See Black Sea*, 204 F.3d at 650.

**(3) Avoiding Piecemeal Litigation**

As to the third factor, the avoidance of piecemeal litigation, the Fifth Circuit has distinguished "duplicative" litigation from piecemeal litigation. *See id.* The Fifth Circuit explained that "[*d*]*uplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." *Id.* (emphasis original). As such, "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Id.* (quoting *Evanston Ins. Co.*, 844 F.2d at 1192). The Fifth Circuit further explained that the real concern for avoiding piecemeal litigation has to do with the possible problems resulting from inconsistent rulings regarding property. *Id.* at 650-51. Hence, because the Court has assumed no jurisdiction over property in this case, this factor weighs against abstention.

### (4) Order in Which Jurisdiction Was Obtained

Fourth, the Denton County court obtained jurisdiction one day before this Court. This might indicate that the state court action has some priority over the federal action. However, in an abstention determination, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. In this case, neither party has indicated how far the state court proceeding has progressed in terms of discovery or other pre-trial matters. Therefore, this factor weighs slightly, if at all, in favor of abstention.

### (5) Whether and to What Extent Federal Law Governs

The fifth factor requires the Court to consider the nature of the claims at issue. Plaintiff has filed two claims under the FLSA, which are squarely within the federal-question jurisdiction of the Court. Although Plaintiff also asserts state law claims, the "presence of federal issues [is] a major

consideration weighing against surrender [of jurisdiction]." *Id.* at 26. Thus, this factor weighs against abstention.

### (6) Adequacy of the State Proceeding

Finally, the sixth factor, adequacy of state court proceedings, can only be a "neutral factor or one that weighs against abstention." *Black Sea*, 204 F.3d at 651 (citing *Evanston Ins. Co.*, 844 F.2d at 1193). Hence, this factor is at most neutral.

Having considered the *Colorado River* and *Moses H. Cone* factors, none of which weighed significantly in favor of abstention, the Court determines that abstention would be inappropriate in this case.

### III. Conclusion

For the reasons stated herein, the Court hereby DENIES Defendants' Motion and GRANTS Plaintiff's Motion. As Defendants' Motion did not dispose of the case, Plaintiff may now resubmit her Motion for Reconsideration of Appointment of Counsel.

**IT IS SO ORDERED.**

Signed this 23rd day of August 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE